**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (BLS) |
| | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, | ) | |
| and ANITA KISHORE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JUDGMENT ORDER[2]**

Upon consideration of the *Motion Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(b)(2)(A)(vii) for Default Against Defendant Byju Raveendran* [Adv. D.I. 97, the "Motion"] filed by Debtor-Plaintiff BYJU's Alpha, Inc. (the "Debtor") and Intervenor-Plaintiff GLAS Trust Company LLC ("GLAS," and with the Debtor, "Plaintiffs") and the declarations and other evidence, responses, and argument, including on September 9 and 29, 2025, in support thereof and in response thereto; and for the reasons set forth in this Court's *Amended Opinion Granting Plaintiffs' Motion for Default Against Byju Raveendran*, dated December 8, 2025 [Adv. D.I. 167, the "Amended Judgment Opinion"]; and this Court having subject matter jurisdiction to consider and to determine the Motion in accordance

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Complaint [Adv. D.I. 1 (redacted) Adv. D.I. 2 (sealed)].

33937882.1

with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2023; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and this Court having found that due and sufficient notice was given under the circumstances; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED AND ADJUDGED THAT:[3]**

1.      This Court has personal jurisdiction over Raveendran.

2.      Service of the Complaint and Summons was properly effectuated on Raveendran.

3.      Plaintiffs' Motion, pursuant to Federal Rule of Civil Procedure 37(2)(2)(A)(vi) and Federal Rule of Bankruptcy Procedure 7037, is GRANTED for the reasons set forth in the Amended Judgment Opinion, and judgment is hereby entered in favor of Plaintiffs against Byju Raveendran as set forth herein.

4.      Judgment is hereby entered in favor of Plaintiffs against Byju Raveendran as to Count I of the Complaint.  Byju Raveendran aided and abetted his brother Riju Ravindran's breaches of fiduciary duty in 2022 when Ravindran authorized the First Fraudulent Transfer. Accordingly, Raveendran is liable to Plaintiffs in an amount of $533,000,000.00, plus prejudgment interest at a rate of (i) 5.50% (compounded quarterly) as to $318,000,000.00 beginning as of April 28, 2022 through January 21, 2026 and (ii) 6.75% (compounded quarterly) as to $215,000,000.00 beginning as of July 13, 2022 through January 21, 2026, amounting to $129,730,725.90 in accumulated pre-judgment interest and a total judgment of $662,730,725.9.

5.      Judgment is hereby entered in favor of Plaintiffs against Byju Raveendran as to Count II of the Complaint.  Byju Raveendran violated his fiduciary duties to the Debtor when he

---

[3]    All amounts herein are calculated as of January 21, 2026.

transferred the Debtor's Camshaft LP Interest in March 2023 for no consideration to Inspilearn. Accordingly, Ravindran is liable to Plaintiffs in the amount of $540,647,109.29, plus pre-judgment interest at a rate of 10.00% (compounded quarterly) beginning as of March 31, 2023 through January 21, 2026, amounting to $173,89,114.31 in accumulated pre-judgment interest and a total judgment of $714,544,223.60.

6.      Judgment is hereby entered in favor of Plaintiffs against Byju Raveendran as to Count IV of the Complaint.  Byju Raveendran is directed to provide a full and accurate accounting of the Alpha Funds and any proceeds thereof, such as the Camshaft LP Interest, including each and every subsequent transfer and any proceeds thereof, within 14 days of entry of this Judgment Order.

7.      Judgment is hereby entered in favor of Plaintiffs against Byju Raveendran as to Count V of the Complaint.  Byju Raveendran is liable for the conversion of the Camshaft LP Interest.  Accordingly, Ravindran is liable to Plaintiffs in the amount of $540,647,109.29, plus pre-judgment interest at a rate of 10.00% (compounded quarterly) beginning as of March 31, 2023 through January 21, 2026, amounting to $173,89,114.31 in accumulated pre-judgment interest and a total judgment of $714,544,223.60.

8.      Judgment is hereby entered in favor of Plaintiffs against Byju Raveendran as to Count VI of the Complaint.  Byju Raveendran is liable for engaging in a civil conspiracy to defeat the Debtor's ownership of the Alpha Funds and the proceeds thereof, including the Camshaft LP Interest.  Accordingly, Ravindran is liable to Plaintiffs in the amount of $540,647,109.29, plus pre-judgment interest at a rate of 10.00% (compounded quarterly) beginning as of March 31, 2023 through January 21, 2026, amounting to $173,89,114.31 in accumulated pre-judgment interest and a total judgment of $714,544,223.60.

33937882.1

3

9.      Byju Raveendran is directed to pay Plaintiffs post-judgment interest beginning as of the date hereof in accordance with 28 U.S.C. § 1961(a), and costs pursuant to Bankruptcy Rule 7054(b) and 28 U.S.C. § 1920 associated with Counts I, II, V, and VI.

10.     In total, Raveendran is liable to Plaintiffs in the amount of $714,544,223.60, as of January 21, 2026, as well as the post-judgment interest and additional costs listed in paragraph 9 above.

11.     The terms and conditions of this Judgment Order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, and Plaintiffs may, in their discretion and without further delay, take any action and perform any act authorized under this Judgment Order.

12.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Judgment Order.

Dated: March 19, 2026

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

33937882.1

4